UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:09-00203 |
| | ) | JUDGE CAMPBELL |
| CHARLES MOORE, JR. | ) | |

ORDER

Pending before the Court are the Defendant's Motion For Modification Or Reduction Of Sentence Pursuant To 18 U.S.C. § 3582(c)(2) (Docket No. 78); a Notice (Docket No. 83), filed by counsel for the Defendant; and the Government's Response (Docket No. 84). Through the Motion, the Defendant requests a reduction in his sentence based on Amendment 782 to the United States Sentencing Guidelines.

Amendment 782, which went into effect on November 1, 2014, reduces by two the offense levels assigned in the Drug Quantity Table, U.S.S.G. § 2D1.1, resulting in lower guideline ranges for most drug trafficking offenses. (Background Information Section of Frequently Asked Questions: Retroactive Application of the 2014 Drug Guidelines Amendment, *available at* http://www.ussc.gov.) The Amendment was given retroactive effect, but offenders may not be released from prison based on the Amendment earlier than November 1, 2015. *Id.;* U.S.S.G. § 1B1.10(d), (e).

A sentence of imprisonment is a final judgment and may be modified by a district court only in limited circumstances. *Dillon v. United States*, 560 U.S. 817, 130 S.Ct. 2683, 2690, 177 L.Ed.2d 271 (2010). A limited exception to the general rule of finality is authorized by 18 U.S.C. § 3582(c)(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered and made

retroactive by the Sentencing Commission. Section 3582(c)(2) provides:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--
>
> * * *
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

"In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted," the court is to "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1).

In this case, the Defendant was charged with being a convicted felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924; possession with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. § 841(a)(1); and possessing firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). (Docket No. 1). During pretrial proceedings, Defendant's counsel filed a motion to suppress challenging searches of Defendant's residence during which firearms and illegal drugs were discovered. (Docket No. 30). The Court held a two-day evidentiary hearing on the motion, and ultimately ruled that the motion should be denied. (Docket Nos. 43, 44, 55).

The Defendant subsequently pled guilty, pursuant to a Plea Agreement, to the drug charge and to being a convicted felon in possession of firearms. (Docket Nos. 58, 59). Through the Plea Agreement, the parties agreed to a sentence of 120 months of imprisonment, and the Defendant reserved the right to appeal the denial of his motion to suppress. (Id.)

At the sentencing hearing, the Court determined that the Defendant was subject to a sentencing guideline range of 100 to 125 months, based on a Total Offense Level of 27 and a Criminal History Category of IV. (Docket Nos. 68, 71). The Total Offense Level was based on the guideline calculation for the firearms conviction, U.S.S.G. § 2K2.1, since it was higher than the calculation for the drug conviction, U.S.S.G. § 2D1.1. (Docket No. 71, at ¶¶ 14, 29; U.S.S.G. § 3D1.3(a)). The Court sentenced the Defendant to the 120-month agreed sentence. (Docket Nos. 66, 67, 68).

The Defendant appealed the denial of his motion to suppress, and the Sixth Circuit affirmed. (Docket Nos. 70, 74). The Defendant subsequently filed a petition for writ of certiorari in the Supreme Court, which was denied on December 3, 2012. (Docket Nos. 76, 77).

As the Amended Presentence Investigation Report indicates, the Defendant remains subject to the same Total Offense Level, which is driven by the firearms sentencing guideline, rather than the drug quantity guideline. Therefore, Amendment 782's two-level reduction to the Drug Quantity Table does not lower his Total Offense Level. Because the Defendant's sentence was not based "on a sentencing range that has subsequently been lowered," within the meaning of Section 3582(c)(2), his request for a sentencing reduction based on Amendment 782 is DENIED.

Also pending before the Court is the Defendant's Motion Requesting This Court Issue A

Writ To Correct A Manifest Injustice, That Occurred Before This Court, Pursuant To 28 U.S.C. § 1651 (Docket No. 82). Through the Motion, the Defendant argues that the Court should issue a writ under the All Writs Act, 28 U.S.C. § 1651, voiding the judgment in the case based on the Supreme Court's decision in Bond v. United States, ___ U.S. ___, 134 S.Ct. 2077, 189 L.Ed.2d 1 (2014).

Federal courts are authorized to issue a writ of error coram nobis by the All Writs Act, 28 U.S.C. § 1651(a). United States v. Denedo, 129 S.Ct. 2213 (2009); United States v. Johnson, 237 F.3d 751, 755 (6th Cir. 2001). The writ is used to vacate an illegal sentence or conviction of a petitioner who is no longer in custody, and relief under 28 U.S.C. § 2255 is not available. Id.; Craven v. United States, 26 Fed. Appx. 417, 2001 WL 1590549 (6th Cir. Dec. 10, 2001).

A petitioner seeking the issuance of the writ bears a heavy burden:

Coram nobis is an extraordinary writ, used only to review errors of the most fundamental character - e.g., errors rendering the proceedings themselves invalid. To be entitled to relief, the petitioner must demonstrate (1) an error of fact; (2) unknown at the time of trial; (3) of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known.

Johnson, 237 F.3d at 755.

As the Defendant does not claim that he is no longer in custody, he is not entitled to relief under Section 1651. Even if the Defendant were able to proceed under Section 1651, he has failed to demonstrate that error occurred in this case based on Bond v. United States, supra. In Bond, the Supreme Court held that the federal government could not prosecute a "purely local crime" under the Chemical Weapons Convention Implementation Act, 18 U.S.C. § 229, because the Act was intended to ratify an international treaty against chemical weapons; it was not intended to reach a "local assault with a chemical irritant." 134 S.Ct. at 2083, 2093.

4

In this case, the crimes for which the Defendant was prosecuted, drug trafficking and firearms offenses, are not the type of purely local crimes that implicate only state and local interests. Thus, the Defendant has failed to demonstrate that error occurred in this case, and his Motion under Section 1651 is DENIED.

It is so ORDERED.

                                                                                         *Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE